IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] ACE AMERICAN INSURANCE COMPANY, as subrogee of Paul Jackson,<br><br>Plaintiff,<br><br>vs.<br><br>[2] HI-LIFT MARINA,<br><br>Defendant. | Case No.: 24-CV-63-SH |

**FIRST AMENDED COMPLAINT**

Plaintiff, Ace American Insurance Company, as subrogee of Paul Jackson ("Plaintiff," or "Ace American"), by and through its undersigned counsel, files this Complaint in the above captioned action:

### I.   PARTIES

1. Plaintiff, ACE American Insurance Company is a Pennsylvania corporation which is wholly owned by the ultimate parent Chubb Limited (a Switzerland corporation). Chubb Limited is the only publicly traded company holding an ownership interest in ACE American Insurance Company (NYSE: CB). Chubb Limited was formerly known as ACE Limited. No other publicly held entity holds more than a 10% interest in ACE American Insurance Company. ACE American is authorized to do business in the State of Oklahoma.

2. Defendant, Hi-Lift Marina, is, upon information and belief, an Oklahoma entity with a principal place of business located at 196 Private Road #138, Eucha, Delaware County, Oklahoma.

### II.   JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, because the amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and this matter is between citizens of different states.

### III.   VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because Defendant resides in the judicial district of this Court, and because a substantial part of the events and omissions giving rise to Ace American's claims occurred in this judicial district.

### IV.   GENERAL ALLEGATIONS

5. At all times relevant hereto, Ace American's insured, Paul Jackson ("Jackson"), owned a 2007 Sea Ray 37 Sedan Bridge watercraft ("boat") that was kept in a slip at Defendant's dock in Eucha, Oklahoma.

6. At all times relevant hereto, Ace American insured Jackson's boat pursuant to a policy of insurance ("Policy").

7. Prior to July 4, 2022, in addition to leasing the slip for Jackson's boat, Defendant maintained Jackson's boat, which included winterizing and dewinterizing the boat.

8. Prior to July 4, 2022, Defendant failed to properly winterize and/or dewinterize Jackson's boat.

9. Jackson utilized his boat over the July 4, 2022 holiday, and left the boat in its slip the evening of July 4, 2022.

10. On or about the morning of July 5, 2022, Jackson was notified by Defendant that Jackson's boat had sunk in its slip.

11. As a result of this incident, and pursuant to the terms and conditions of its policy of insurance with Jackson, Ace American made payments to, or on behalf of, Jackson to compensate Jackson for his losses.

12. As a result of the payments made to its insured, and pursuant to the terms and conditions of the Ace American policy, Ace American is legally, equitably and contractually subrogated to the rights of its insured to the extent of its payments.

### V.  FIRST CLAIM FOR RELIEF
### Negligence

13. Ace American hereby incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

14. Defendant was negligent in its maintenance of Jackson's boat, resulting in the boat sinking.

15. As a direct and proximate result of Defendant's negligence, Ace American sustained damages in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff Ace American respectfully requests that the Court: (1) grant judgment against Defendant in an amount in excess of $75,000 for negligence; (2) award Ace American pre-judgment and post-judgment interest, costs and attorney fees; and (3) award Ace American any other relief to which Ace American may show itself entitled.

### VII.  SECOND CLAIM FOR RELIEF
### Breach of Contract

16. Ace American hereby incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

17. Defendant entered into a contract with Jackson for storage and maintenance of Jackson's boat.

18. Defendant breached the contract by not properly maintaining Jackson's boat.

19. As a direct and proximate result of Defendant's breach of its contract with Jackson, Ace American sustained damages in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff Ace American respectfully requests that the Court: (1) grant judgment against Defendant in an amount in excess of $75,000 for breach of contract; (2) award Ace American pre-judgment and post-judgment interest, costs, and attorney fees; and (3) award Ace American any other relief to which Ace American may show itself entitled.

**JURY DEMAND**

Plaintiff demands Trial by Jury on all issues.

Respectfully Submitted,

//Chad M. Neuens
Chad M. Neuens, OBA No. 15402
CMN Litigation Group, pllc
P.O. Box 701296
Tulsa, Oklahoma 74170
Telephone: (918) 749-9334
cneuens@cmnlitigation.com
***ATTORNEYS FOR ACE AMERICAN INSURANCE COMPANY***