# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Ace American Insurance Company,<br><br>                            Plaintiff(s),<br>vs.<br><br>Hi-Lift Marina,<br><br>                            Defendant(s). | Case No.: 24-cv-00063-GKF-SH |

## SETTLEMENT CONFERENCE ORDER

The parties are ordered to participate in a Settlement Conference before **Adjunct Settlement Judge R. Scott Savage on April 9, 2025, at 9:30 a.m. at the U.S. District Court, 333 W. 4th Street, 3rd Floor, Tulsa, OK 74103.** The parties shall report to Courtroom #2, 3rd floor. Any party who wishes to have the conference conducted by video or telephonic means shall notify the Adjunct Settlement Judge and opposing counsel no later than 30 days before the conference and shall identify the reasons for the request.

The conference is governed by the following directives. This case has been assigned for a Settlement Conference through the Court-sponsored Alternative Dispute Resolution (ADR) program. Specific requirements imposed by this Court are set forth in its Local Rules. *See* LCvR16-2. Counsel must familiarize themselves with the Local Rule and this Settlement Conference Order. More information on the Court's ADR program is contained on the Court's web site: http://www.oknd.uscourts.gov under "Alternative Dispute Resolution."

All parties and lead counsel are **ordered to participate** in a Settlement Conference, on the date and time set forth above. This order describes the obligations of the parties and counsel and the Court's expectations with regard to the conference. These obligations are **mandatory**.

All civil cases set on a trial docket in this District are scheduled for Settlement Conference. The vast majority of civil cases settle before trial. Therefore, parties and counsel need to prepare for Settlement Conference as seriously as they prepare for trial. Parties are required to advise the Court should the case settle or is otherwise disposed of before the scheduled Settlement Conference.

# I
## PRE-CONFERENCE OBLIGATIONS

Counsel are directed to discuss the Settlement Conference, the requirement of full settlement authority and parameters of settlement with their clients and insurance representatives before the conference. Counsel should discuss settlement with their clients and with each other so that all settlement issues have been identified and the elements of a settlement have been explored well in advance of the conference.

### A. Settlement Conference Statements

Each side must provide a written Settlement Conference Statement. These statements shall be no more than five (5) pages in length and are **not to be filed.** All communications related to the Settlement Conference Statements and the conference itself are strictly confidential. The Statements should be submitted, **by e-mail**, to the Settlement Judge indicated below:

**Adjunct Settlement Judge R. Scott Savage**
ssavage@moyersmartin.com

**Plaintiff:** On or before **March 26, 2025**, the Plaintiff must provide to opposing counsel and the Settlement Judge a Settlement Conference Statement outlining Plaintiff's view of the material legal and factual issues in the case. This Statement must also include the following:

- The name and role of each person who will attend the conference;
- Identification of which person in attendance will have settlement authority;
- A summary of claims and itemization of damages;
- A discussion of liability and damages; and
- The Plaintiff's settlement demand and explanation.

**Defendant:** On or before **April 2, 2025,** the Defendant must provide to opposing counsel and the Settlement Judge a Settlement Conference Statement outlining Defendant's views of the material legal and factual issues in the case. The Statement must also include the following:

- The name and role of each person who will attend the conference;
- Identification of which person in attendance will have settlement authority;
- A summary of defenses;
- Discussion of liability and damages; and
- The Defendant's settlement offer and explanation.

**B. Participation of Parties Required**

Unless excused by the Settlement Judge, all parties must fully participate in the Settlement Conference. The lead counsel who will try the case must also participate in the conference along with any individual who has authority to settle the case. The purpose of this requirement is to have a person available for each party who can, in his or her discretion, settle the case during the conference without consulting a superior. This requires the following:

1. Corporation or other such entity. A corporation must be represented by a person (other than outside counsel) who is authorized to settle, can exercise independent negotiation and settlement judgment, and knows the facts of the case.

2. Government entity. A governmental unit or agency must be represented by a person who has, to the greatest extent feasible, authority to settle, and who knows the facts of the case, the governmental unit's positions, and the procedures and policies under which the governmental unit decides whether or not to accept a proposed settlement. In addition, the person participating in the conference on behalf of the government must, prior to the conference, ascertain the ultimate decision-maker in the agency and ensure that he or she is fully versed on the issues in the case. If the action is brought by the government on behalf of one or more individuals, at least one such individual must also participate.

If the person participating in the Settlement Conference does not have settlement authority, this must be made clear to all parties and the Settlement Judge **before** the Settlement Conference, with an explanation why the person appearing lacks full authority and why the Settlement Conference should still go forward.

If Board approval is required to authorize settlement, participation of the entire Board is requested. Participation of at least one Board member (preferably the Chairperson) is **required**.

**C.   Insurance Representative's Participation Required**

An insured party shall participate with a representative of the insurer who is authorized to negotiate and to settle the matter within policy limits. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

## II

## PROCEDURE AT THE CONFERENCE

At the conference, each side will be given an opportunity to explain its view of the case. The Settlement Judge may facilitate joint discussions and/or conduct separate, private caucuses. Among the issues the parties should be prepared to discuss are their objectives in the litigation; any issues outside the lawsuit that need to be resolved; the strengths and weaknesses of the case; agreements and disagreements as to facts and law; any impediments to settlement; available remedies; and any creative possibilities for settlement.

The written Settlement Conference Statements and oral statements made during the Settlement Conference may not be used for any purpose outside of the Settlement Conference or a proceeding to enforce a settlement agreement reached at the conference. Therefore, parties are encouraged to speak openly and frankly about the issues in the case.

For many clients, this will be their first experience with a Settlement Conference. Therefore, counsel shall provide the client or insurance representative with a copy of this Order and LCvR16-2 and discuss the party's obligations before the conference. Lawyers and party representatives shall be fully prepared to participate meaningfully in the process.

## III

## SETTING

**Continuances Discouraged:** Settlement Conferences require the reservation of large blocks of time and scheduling adjustments by the Court and Settlement Judge. The administrative burden of rescheduling a conference is significant; thus, applications for the continuance of a Settlement Conference are generally discouraged. If it becomes apparent that the conference as scheduled will likely be a waste of time, the attorneys must **immediately** notify the Settlement Judge assigned to conduct the conference. This should be done well before the scheduled conference.

A motion to reschedule a conference will ordinarily not be entertained unless the motion is filed with the Court, with a copy provided directly to the Settlement Judge, at least seven days prior to the conference. Any such motion shall contain a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

**Scheduling Note:** Settlement Conferences are scheduled separately from the trial judge's trial deadlines. Thus, if the trial schedule is amended, the Settlement Conference schedule is not automatically amended. Requests to revise the Settlement Conference schedule must be made separately from a request to amend the trial judge's Scheduling Order.

### IV
### STRIKING A SETTLEMENT CONFERENCE

All civil cases filed in this District are expected to go through the settlement process. If the parties believe that exceptional circumstances exist making a Settlement Conference inappropriate, they should file a motion advising the assigned trial judge of these circumstances and requesting that the conference be stricken. This must be done well before the scheduled conference, and the circumstances justifying such action must be truly exceptional.

### V
### NOTIFICATION OF PRIOR SETTLEMENT

In the event a settlement between the parties is reached before the Settlement Conference date, parties are to notify the Settlement Judge **immediately**.

### VI
### CONSEQUENCES OF NON-COMPLIANCE

This is a Court Order. Upon certification by the Settlement Judge of circumstances showing non-compliance with this Order, the trial judge or the assigned Magistrate Judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

**IT IS SO ORDERED** this 23rd day of January, 2025.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge